UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IQBAL BHOMBAL, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF | § | |
| Z.B., A MINOR | § | |
| | § | |
| v. | § | CIVIL ACTION NO. **3:17-CV-2583-B** |
| | § | Jury Trial |
| IRVING INDEPENDENT SCHOOL | § | |
| DISTRICT AND LINDSAY SANDERS, | § | |
| IN HER INDIVIDUAL CAPACITY | § | |

## PLAINTIFF'S *AMENDED* COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Iqbal Bhombal, Individually and as Next Friend of Z.B., filing this, his Plaintiff's Original Complaint, and bringing this action against the Irving Independent School District and Lindsay Sanders, in her individual capacity, as said Defendants, have denied Plaintiffs rights as guaranteed by the Constitution and laws of the United States of America and/or the State of Texas.

## JURISDICTION AND VENUE

1. Plaintiffs' bring this action under 42 U.S.C. § 1983 and 42 U.S.C. and 42 U.S.C. § 2000 et. seq. Venue is proper in the Northern District of Texas, Dallas Division, as this is the district where the claim arose in accordance to 29 U.S.C.§ 1391(b). This Court has jurisdiction under 28

U.S.C. §§ 1331, 1343(a)(3)-(4).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) as the county in which all or part of the cause of action arose.

## PARTIES

3. Plaintiff Iqbal Bhombal (hereinafter "Bhombal") is a resident of Irving, Texas and the father of Z.B. a minor.

4. Defendant Irving Independent School District (hereinafter "IISD") is a municipality of the State of Texas and can be serving its Superintendent, Jose Parra at 2621 W. Airport Freeway, Irving, Texas 75062

5. Defendant Lindsay Sanders is the principal of John Haley elementary school and may be served at 1100 Schulze Drive, Irving, Texas 75060.

## FACTS

6. On the heels of the "Clock-boy suit" (Case 3:16-cv-02283-L, Mohamed Elhassan as Next Friend for Ahmed Mohammed, A Minor v. Irving Independent School District, et. al.) alleging race and religious discrimination against the Irving Independent School District ("IISD") now comes another suit further demonstrating that discrimination is rampant throughout the school district. That suit does an excellent job of summarizing the racial disparity that exists within IISD in the application of discipline between white and non-white students. This suit demonstrates that IISD has failed to learn any lessons from its pattern and practice of discrimination.

7. Iqbal Bhombal is a citizen of the United States (originally from India) and a practicing Sunni Muslim. He is married to an Irish-American woman who has made the conversion to Islam. Since his son began attending John Haley Elementary School, he has made a practice of taking his son kosher foods for lunch. This practice is in accord with the tenets of father and son's religious edicts and religious beliefs. On Thursday March 9 prior to Spring Break, Bhombal personally witnessed his son being harassed by other students when picking Zain up from school. The students were stating that "Z.B" had a "bomb" in his lunchbox and calling him "Tally", a derogatory short hand for the word "Taliban". At the time of the incident, no school official detained Bhombal or Z.B., the campus was not alerted to be put on "lock down" status, and no authorities were called. Bhombal picked up Z.B. and nothing further came from this incident until March 23, when Bhombal received an email from the school requesting a meeting about the "bomb" incident. Such meeting took place on Friday, March 24 and was attended by Principal Sanders, Vice-Principal Gorena, and the Director of Campus Operations. Bhombal was surprised to learn at this meeting that the focus was on the "bomb" in Z.B.'s lunchbox and not the bullying and harassment that Z.B. had been subject to by other students. After first threatening Z.B. with a 20-40 day outside suspension, the school levied a one-day in school suspension. Bhombal immediately requested paperwork to appeal the punishment. The school officials present were visibly disturbed that Bhombal made an appeal request.

8. The following Monday, Bhombal took Z.B. his kosher lunch as was his custom. Upon arrival, Bhombal observed that Z.B. was visibly upset because, once again, he had been summoned to the office by Principal Sanders and Vice-Principal Gorena to discuss the "bomb"

incident. This action was taken by Principal Sanders in violation of a previous request made by Bhombal that Z.B. not be questioned without the presence of one of his parents. Bhombal immediately requested to speak with Principal Sanders, but was denied. He left the campus with Z.B. at lunch. Approximately four hours later, Irving Police arrived at Bhombal's home and issued him a Criminal Trespass warning that prevents him from setting foot on IISD property.

Once again Bhombal appealed and requested 1) that the one-day suspension against Z.B. be stricken from his record, 2) a thorough investigation of the incident that occurred on March 9, 3) that Z.B. not be questioned without the presence of a parent, and 4) that the criminal trespass warning be lifted. All of his requested relief was denied.

9. Throughout his time attending John Haley elementary, Z.B. has been repeated exposed to disproportionate punishment or the denial of privileges, such as the following:

- Z.B. was accused of theft for removing a book from one child's bag and placing it in another child's bag;
- Z.B. was accused of being a bully for untying a child's shoelaces;
- Z.B. was sent home from school after pushing another student who taunted him; Z.B. later taunted a student, was beaten up, and it was Z.B. who was sent home from school;
- Z.B. was refused a bathroom break one day and sat in feces from 10:45 until 2:45 because the school claimed that an escort was unavailable to accompany him to the bathroom;
- Z.B. was not allowed to go onto field trips unless accompanied by a parent;
- Z.B. was marked absent for 43 days in First Grade, the school claimed this was the result of a malfunction in their system;

- Z.B. was not allowed to attend the end of year celebration for Second Grade until Bhombal personally complained; and

- Around Halloween one year, Z.B. drew a picture in red crayon. A meeting was called because the school said that by coloring in red, Z.B. was showing violent tendencies; and

- The school insisted that Z.B. be tested for Attention Deficit Disorder; after such testing it was found Z.B. had no disability.

At all times, Principal Sanders has been aware of the disproportionate punishment meted out to Z.B.. Z.B. has been repeatedly called into the office and questioned by adults with no parent present. One such incident let to the opening of a CPS investigation re: sexual abuse, which CPS found to be completely unsubstantiated. Z.B. informed Bhombal that school administrators, including the current principal, repeatedly made him touch his penis and asked him if Bhombal had touched him there. Such complaint was resolved by CPS with a "Ruled Out" finding. Fearing retaliation against his son, Bhombal took no action in the face of this harassing and unwarranted complaint.

10. Bhombal is the sole caretaker of his children during the day, as his wife has a full-time job that requires her presence from 8-5. Bhombal is self-employed and able to work his schedule around his children's needs. Due to the criminal trespass warning, Z.B. has to be picked up by his mother, who often cannot make it to school until after she is released from work at 5. Recently, this has led to yet another CPS complaint against Bhombal for abandonment of Z.B., as the Criminal Trespass has led to the impossibility of an earlier pick up.

11. The "bomb" incident, including the disproportionate punishment received by Z.B. for no

wrongdoing and the issuance of a Criminal Trespass warning to Bhombal is the natural culmination of the disparate treatment Z.B. and his family have received at the hands of the IISD due to their religious beliefs. IISD has turned the victim into the perpetrator and continues to perpetuate its discriminatory practices against minorities because their race and religion.

12. Subsequent to the Criminal Trespass placed on Bhombal, Z.B. has been subjected to eating non-kosher foods and displays a near constant fear that he will be taken away from his parents. The unwarranted Criminal Trespass has placed and unnecessary burden on the family, and Z.B. has been saddled with a black mark that will remain on is record for the rest of his - academic career. Bhombal is unable to attend school activities such as parent/student lunches, science nights, his son's softball games, and the upcoming graduation.

13. As referenced in the Elhassan complaint, the United State Department of Justice has an open and ongoing investigation against IISD, the subject of which is the harassment and discipline of students on the basis of race, religion, and national origin. Plaintiff has made contact with the Department of Justice to share his story.

14. Additionally, since the filing of the original complaint in this matter in May of 2017, Z.B. became involved in an altercation with other fourth grade boys at his school.  Although there was no determination of fault regarding the incident, Z.B. was subsequently and unilaterally transferred against his will from John Haley elementary school to another elementary school in IISD for the next school year. No other students involved in the altercation were suspended or transferred.

15.   As part of that transfer, and as a further indication of disparate treatment from Irving

ISD towards the Bhombals, the transfer notice issued to Z.B., also included the transfer of any of Z.B.'s siblings who might later become eligible to attend John Haley elementary school, to the new school to which their brother Z.B. was transferred which is not the natural feeder school for these homeowners.

## FIRST CLAIM FOR RELIEF - - § 1983

16. **Section 1983.** The Civil Rights Act of 1871, now codified as 42 U.S.C.S. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. § 1983.

17. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself. Bhombal is informed and believes and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

18. 42 U.S.C.S. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Bhombal alleges that Defendants, jointly and/or severally deprived him and his son of

his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions, inter alia, and/or omissions:

a)  by causing a Criminal Trespass warning to issue against Bhombal without due process of the law; and

b) by failing to intervene, where such intervention would have prevented the violations of Bhombal and Z.B.;

c) by subjecting Z.B. to discipline that was disproportionate to the alleged offense, given the facts, and unequal as to the discipline imposed upon other students; and

d) by subjecting Z.B. to repeated interrogations with no good faith basis, for the sole purpose of discriminating against a religious minority.

19. The Fourth Amendment guarantees security from unreasonable search and seizure. It includes the expectation of privacy, the right to be free from arrests without probable cause to believe the arrested person committed a crime. Accordingly, Bhombal alleges that he was subjected to an unreasonable arrest through issuance of the Criminal Trespass, and was detained without reasonable suspicion and/or probable cause, resulting in a right, privilege, or freedom being unlawfully removed, i.e. his right of access to IISD properties.

20. **§ 1983- Qualified Good Faith Immunity.** Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the

officer or agent engaged in the conduct in good faith there is no liability for that individual. The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective. Defendant's actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law." The determination of objective reasonableness must be based on a version of the facts most favorable to the Bhombal and Z.B. To the extent that credibility questions exist, a fact-finder continues to be necessary. In the instant case, Plaintiff alleges that Defendant is not entitled to claim "qualified good faith immunity." Importantly, Defendants never had a good faith belief in their conduct because they have previously failed to take steps to remedy the discriminatory nature of how discipline is administered to students and knowingly violated Plaintiffs' civil rights. Any reason given by Defendants for the unlawful actions and/or omissions does not warrant the application of qualified good faith immunity. Plaintiff has asserted violations of his constitutional rights to be free from unreasonable seizure and this right was clearly established at the time of such actions. Moreover, Defendants actions were objectively unreasonable in the sense that they knew or reasonably should have known that the actions taken would violate the constitutional rights of Plaintiff.

21. **§1983- Unlawful Detention.** Plaintiff further alleges that Defendant Sanders, violated Z.B. 's Fourth Amendment rights when Defendant unreasonably detained Z.B. after the supposed resolution of the matter in question.

22. Plaintiff pleads a § 1983 claim for false arrest under the Fourth Amendment as Defendant

arrested Plaintiff without probable cause. Defendant did not have probable cause to arrest because the facts and circumstances within his knowledge was not reasonably sufficient to warrant a prudent officer to believe that Plaintiff had committed or was committing an offense. On an objective basis, it is obvious that no reasonably competent officer would have concluded that merely questioning why he was not being sold a phone would warrant assaulting Plaintiff or otherwise.

## SECOND CLAIM FOR RELIEF-- Title Vi of the Civil Rights Act of 1964, 42 U.S.C. § 2000d

23. Plaintiff re-alleges the facts contained in Paragraph( s) 6-13 above.

24. 42 U.S.C. § 2000(d) states, in pertinent part, "No person in the United State shall, on the grounds of race, color, or national origin be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." IISD is a recipient of federal financial assistance, thus the prohibition of Title VI applies in this case. Plaintiff asserts that both Bhombal's and Z.B. 's rights were violated in contravention of the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff asserts these claims against both IISD and Principal Sanders based upon violation of the Equal Protection Clause of the Fourteenth Amendment.

25. IISD has established a clear pattern of discrimination based upon race and religion. The evidence will show that IISD is aware of this pattern of discrimination in the meting out of discipline among students, and has further taken steps to remedy the same. The Trustees of the

IISD school board, although aware of this pattern of discrimination, have taken no significant remedial steps that would lessen or eliminate such discrimination. IISD has commissioned reports and studies that indicate a clear bias exists in the curriculum against what it terms "radical Muslim" ideology. Despite being aware of such bias and the discriminatory practices employed in the unequal discipline of students that are similarly situated, IISD has persisted in the very conduct that makes it the subject of an investigation by the Civil Rights Division of the Department of Justice.

26. Principal Sanders has violated Z.B. 's established constitutional right to be free from discriminatory discipline. This right has been clearly established and a reasonable principal would have understood that the alleged conduct herein violates such right. No reasonable principal could have believed that Principal Sanders' conduct was lawful under these circumstances. Z.B. was detained on more than one occasion to discuss the "bomb" incident, without the presence of an adult parent as had been requested. Further, at least one such detention occurred after school officials had represented that they had settled the matter by issuing a one-day school suspension to Z.B. Still Principal Sanders persisted in her interrogation and torment of Z.B. Under V.T.C.A. Family Code § 52.02(b), a person taking a child into custody shall promptly give notice of the reason for such action to the child's parent, guardian, or custodian. Principal Sanders failed to abide by this section and further ignored the personal requests of Bhombal regarding this very issue. V.T.C.A. Family Code § 52.02(b) At the time such actions were taken by Principal Sanders, she was aware there was no cause for

alarm and was further aware of the discrimination, bullying, and harassment Z.B. had suffered at the hands of other students.

### THIRD CLAIM FOR RELIEF - Intentional Infliction of Emotional Duress Against IISD AND Principal Sanders

27. The claims brought by Plaintiff under this section only apply to Defendants IISD and Principal Sanders in her individual capacity.

28. As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Plaintiff, thereby he claims the tort of intentional infliction of emotional distress on behalf of himself and his son. Plaintiff alleges that Defendants acted intentionally and/or recklessly when unnecessarily interrogating Z.B. and subjecting Bhombal to a Criminal Trespass citation and further alleges that such conduct was extreme and outrageous. The actions of Defendants caused Bhombal and Z.B. to suffer emotional distress; and the emotional distress suffered by them was so severe that it required treatment -- no reasonable persons should be expected to endure such.

### DAMAGES

29. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to the following: emotional injury, including but not limited to: emotional and mental distress, and personal humiliation.

30. Said injuries have caused Plaintiff to incur (and is expected to incur in the future) special damages which include, but are not limited to: medical expenses and lost income.

31. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. §1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

32. In addition, Plaintiff prays for punitive damages against Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Plaintiff allege and pray for punitive damages against Defendant Sanders, as such Defendant actually knew that her conduct was unconstitutional and/or was callously indifferent to its legality or appropriateness.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that he recover compensatory damages against Defendants, jointly and severally; that Plaintiff also recover punitive damages against Defendant Sanders in an amount to punish and/or deter and to make an example of those Defendant in order to prevent similar future conduct; and, that Plaintiff recover against each Defendants all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that

Plaintiff recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

Respectfully submitted,

/s/ Douglas C. Greene
Douglas C. Greene
Greene Law Firm
1309 B West Abram, Suite #200
Arlington, Texas 76013
Telephone: (817) 622-8806
Fax:  (817) 887-1875
SBNNO. 49173
*Attorney-for Plaintiff*

Iqbal Bhombal

## Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b ).